GUIDRY, J.,
dissenting.
hi respectfully disagree with the majority’s determination that Fontenot’s “first employment making him eligible for -membership in the system” was in 2009, and therefore, that LASERS was correct in using the sixty-month average set forth in La. R.S. ll:403(5)(b)(i) to determine Fon-tenot’s average compensation for calculating his retirement benefit.
As noted by the majority, Fontenot was first employed by the State of Louisiana beginning on December 6, 1973. And while he terminated his employment on September 30,1983, and obtained a refund of his contributions to -the retirement system, he subsequently returned to state employment in 2009 -and repaid the refund plus interest. By repaying the refund, Fontenot restored his “creditable service,” which is defined in the statute as “prior service plus membership service for which credit is allowable:” La. R.S. 11:403(A). This creditable service was earned as a result of his “first employment” with the state, which'was in 1973. Therefore, while payment of the refund, plus interest, may not have restored all of his rights in the system, it cannot logically or factually be argued that Fontenot’s date of first em *168 ployment was in 2009. If he was not first | «.employed prior to that; date, there would be no. basis for him to have any prior, creditable service. .
Therefore, because legislation establishing pension systems must be liberally construed in favor of the intended beneficiaries, Swift v. State, 342 "So.2d 191, 196 (La.1977), and because La. R.S. 11:403(5) (a) (i) unambiguously provides that average compensation for a member whose “first employment making him eligible for membership in the system” began on or before June 30, 2006,. is calculated using the compensation for the thirty-six highest paid months of successive employment, the trial court was correct in granting summary judgment in favor of Fontenot and ordering LASERS to re-calculate Fonte-not’s retirement benefit.